**UNITED STATES of America, Plaintiff,**

v.

**John W. JONES, et al., Defendants.**

**No. 3:91CR787.**

United States District Court,
N.D. Ohio, W.D.

March 30, 1993.

Thomas A. Karol, Office of the U.S. Atty., Toledo, OH, for plaintiff.

John F. Potts, James Jensen, Spengler, Nathanson, Heyman, McCarthy & Durfee, Norman Zemmelman, Britz and Zemmelman, Jack J. Brady, Lydy & Moan, C. Thomas McCarter, Newcomer McCarter & Green, Toledo, OH, for defendants.

## ORDER

CARR, United States Magistrate Judge.

This is a criminal case in which pretrial matters have been referred to the under-

signed for initial hearing and determination. Pending is a motion by the defendant Bodnar to compel disclosure of materials developed by Toledo Police Department investigators in the course of their investigation of the defendant (Doc. 110). For the reasons that follow, the motion shall be denied.

The defendant's motion takes two approaches to the disclosure that it seeks to compel: one is pursuant to Fed.R.Crim.P. 16(a)(1)(C), which relates to books, papers, documents, etc., within the possession, custody, or control of the government, and which are material to the preparation of the defense; and the other is pursuant to the Jencks Act, 18 U.S.C. § 3500.

The focus of the defendant's motion appears to be reports of investigative activities prepared by Toledo police officers. For purposes of this Order, I will assume, though the record is not clear, that some of these reports were prepared before the City's investigators joined forces with federal authorities, and that some of the reports were prepared after the investigation became a joint city-federal undertaking.

■ Any reports that were prepared by Toledo police officers after the investigation acquired its joint city-federal character are not discoverable under the express terms of Fed.R.Crim.P. 16(a)(2), which bars disclosure of reports made by government agents in connection with the investigation of the case. Once the investigation had become a joint undertaking, the city's officers should be deemed to have been functioning in a dual capacity as investigative agents on behalf of both the City and the federal government.

■ The question of disclosure under Rule 16(a)(1)(C) becomes, accordingly, whether Toledo investigative reports prepared prior to the implementation of a joint investigative effort are subject to disclosure under that rule.

In my opinion, the Toledo investigative reports being sought by the defendant are not "documents," as that term is used in Rule 16(a)(1)(C). In the context of the rule, that term appears to mean items of independent evidentiary value, such as a letter, contract, or similar item that has a direct relationship to a matter at issue in the litigation. *See United States v. Pascual*, 606 F.2d 561, 565 (5th Cir.1979). The examples given by Wright & Miller of documents subject to production under this rule all appear to be of that character and quality. 1 Wright & Miller, Federal Practice & Procedure 61 n. 4 (1982).

■ An investigative report has only limited, if any, independent evidentiary value. To the extent that such reports record an officer's observations, the officer's testimony, rather than the report is the only admissible evidence on the particular topic. To the extent that the reports contain information gained from other sources, they are hearsay and thus would be inadmissible if offered for the truth of the matter asserted.

■ To be sure, under Rule 803(8) of the Federal Rules of Evidence, "matters observed by police officers and other law enforcement personnel" are admissible in criminal proceedings against the government with regard to "factual findings resulting from an investigation made pursuant to authority granted by law."

To the extent that the reports being sought by the defendant contain material that is admissible against the government under this provision, such material would appear already to be subject to disclosure under the *Brady* doctrine. Otherwise, there is no reason to believe that the reports have any evidentiary value under Rule 803(8). That being the case, they are not documents as that term is used in Rule 16(a)(1)(C), and thus disclosure is not required.

■ The defendant likewise is not entitled to pretrial disclosure of all or even part of the reports on the basis of the Jencks Act. The Act expressly bars disclosure of a witness's statements as defined by the Act before a witness has testified. 18 U.S.C. § 3500(a). Although such disclosure may expedite proceedings at trial, and should therefore be made before the witness has testified, a court's power to *order* pretrial disclosure is limited. In any event, it is unlikely that the reports being sought by the defendant include "statements," as that term is defined in § 3500(e)(2). To be within the Act, a witness's statement must be "a substantially

verbatim recital of an oral statement." Reports of the sort demanded by the defendant rarely contain substantially verbatim recitations of what has been said by an interviewee.

If, however, the reports in this case contain Jencks statements, they are not subject to a disclosure order at this time. Instead, such statements should be made available to the defense in accordance with whatever timetable is set by the District Judge who will be presiding at the trial of this case.

I conclude, accordingly, that the Toledo investigative reports, including those that may have been prepared before the investigation became a joint investigation, are not "documents" covered by Fed.R.Crim.P. 16(a)(1)(C). The only possible exception is any *Brady* material, which must be made available to the defendant in a timely manner. I also conclude that the Jencks Act prevents this Court from entering an order directing pretrial disclosure of any Jencks statements that may be found in such reports until such time as the declarant has testified at trial (or such earlier time as may be set by the trial judge in an effort to expedite the trial of this cause).

In light of the foregoing, it is

ORDERED THAT the defendant's motion to compel discovery be, and the same hereby is overruled.

So ordered.